General Motors Export Co., y Auto Body Corporation, demandantes y apelantes, *v.* Manuel V. Domenech, en su carácter de Tesorero de Puerto Rico, demandado y apelado.

No. 6417.—*Sometido:* Enero 30, 1935. *Resuelto:* Marzo 14, 1935.

*C. Iriarte* y *F. Fernández Cuyar,* abogados de las apelantes; *Hon. Procurador General Benjamin J. Horton* y *R. Cordovés Arana, Subprocurador,* abogados del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Se reclama en el presente caso la devolución de ciertas contribuciones que satisfizo la demandante General Motors

Export Co., una corporación organizada bajo las leyes de un estado que no se menciona, con su oficina principal en una ciudad que tampoco se menciona. La Auto Body Corporation es una corporación organizada bajo las leyes de Puerto Rico, dedicada a la manufactura de omnibuses o guaguas, con oficina principal en Hato Rey, y el demandado ejerce el cargo de Tesorero de Puerto Rico.

Se alega en la demanda que durante los meses de marzo y abril del año 1931, la Auto Body Corporation compró a la demandante General Motors Export Co., en la ciudad de Nueva York, veinte *chassis* de *trucks,* los cuales fueron embarcados en la ciudad de Nueva York por la vendedora General Motors Export Co. y consignados a la compradora Auto Body Corporation, en Hato Rey, Puerto Rico; que en 13 de mayo de 1931, el Tesorero de Puerto Rico requirió a la demandante General Motors Export Co. para que pagara por los veinte *chassis* importados la suma de dos mil veintitrés dólares, montante del arbitrio de siete por ciento que impone el apartado 8 de la sección 16 de la Ley No. 17 de 1927 (pág. 465), enmendada por Ley No. 74 de 1930 (pág. 455), a todo vehículo de motor que se venda, traspase, use o introduzca en Puerto Rico, y la demandante General Motors Export Co., en 23 de junio de 1931, pagó bajo protesta la suma de $2,023, importe del arbitrio impuesto sobre los veinte *chassis* de *truck* de que se ha hecho mención anteriormente, y notificó a la demandante Auto Body Corporation del pago de dichos arbitrios, requiriéndole al mismo tiempo para que le reintegrara dicha cantidad; que dichos veinte *chassis* fueron comprados para la manufactura de omnibuses en la factoría que para tal fin tiene establecida en el barrio de Hato Rey, municipio de Río Piedras, la demandante Auto Body Corporation; que en 15 de septiembre de 1931, las demandantes requirieron al demandado para que les devolviera la suma de $2,023 pagada bajo protesta en concepto de arbitrios sobre los veinte *chassis* mencionados, siendo el fundamento de dicha petición el estar exenta del pago de toda clase de contribuciones la

demandante Auto Body Corporation; que el demandado se negó a devolver la referida suma, basándose en que la exención de contribuciones que disfruta la demandante Auto Body Corporation no es por sí sola suficiente para eximirle del pago del arbitrio referido; que la importación en Puerto Rico de los *chassis* mencionados es absolutamente indispensable a la demandante Auto Body Corporation para la manufactura de sus productos, o sea, los omnibuses o guaguas que fabrica en su factoría de Hato Rey, Puerto Rico, siendo dichos *chassis* la materia prima que usa la Auto Body Corporation para la fabricación de los autobuses; y que la referida corporación goza de una exención general de contribuciones, de acuerdo con la Ley No. 40 de 1930 (pág. 315), que le fué concedida por la Comisión de Servicio Público de Puerto Rico con anterioridad a la compra de los veinte *chassis* mencionados.

Éstas son las alegaciones de la demanda, que hemos transcrito porque la misma fué desestimada sobre la base de que no aduce hechos suficientes para determinar una causa de acción. La corte inferior dictó sentencia en contra de las demandantes por entender que la demanda no es susceptible de enmienda.

 Se atribuye a la corte inferior el error de sostener y decidir que la contribución cuya devolución se reclama no fué impuesta a la demandante Auto Body Corporation y al afirmar que la General Motors Export Co. no tiene derecho a reclamar dicha devolución junto con la Auto Body Corporation. Se alega además que la corte erró al desestimar la demanda por no considerarla susceptible de enmiendas y porque la Auto Body Corporation no ha pagado la contribución en controversia, no teniendo por tanto derecho a reclamar su devolución.

La contribución cuya devolución se reclama en este caso se impuso y cobró bajo las disposiciones del apartado 8 del artículo 16 de la Ley No. 17 de 1927, enmendada por la Ley No. 74 de 1930. Este apartado impone una contribución de 7 por ciento *ad valorem* a ciertos artículos, entre los cuales

figuran los *chassis,* que se vendan, traspasen, usen o introduzcan en Puerto Rico.

Se arguye y así se alega en la demanda que la Auto Body Corporation goza de una exención general de contribuciones que le fué concedida por la Comisión de Servicio Público de Puerto Rico con anterioridad a la compra de los veinte *chassis,* de acuerdo con el artículo 2do. de la Ley No. 40 de abril 25 de 1930, que dice así:

"Dichas industrias nuevas y sus edificios, máquinarias, materiales, franquicias, etc., y en general todos los bienes, derechos, privilegios pertenecientes a dichas industrias que sean necesarios para su trabajo y funcionamiento, estarán exentos de toda clase de contribuciones, por un período de 10 años, según se determine por la Comisión de Servicio Público, cuyo término se contará desde la completa instalación industrial. . ."

La reclamación hecha al Tesorero para obtener la devolución de la suma satisfecha se basó, según se alega en la demanda, en estar exenta del pago de toda clase de contribuciones la Auto Body Corporation. La teoría de la demanda descansa exclusivamente en la alegada exención. Así se explica que las demandantes nos digan en su alegato que "no se alega que la General Motors Export Co. tenga derecho a reclamar el importe de la contribución pagada indebidamente" y que si se ha hecho figurar como demandante es "por ser parte interesada en el asunto objeto de la acción y por haber sido dicha corporación la que pagó bajo protesta el arbitrio reclamado, ya que ella fué la requerida por el demandado, quien se encontraba imposibilitado de imponer y cobrar la contribución a la Auto Body Corporation debido a la exención de contribución de que goza esta última".

Partiendo de la base de la exención, único fundamento en que descansa la demanda, no creemos que se aduzcan hechos bastantes para establecer una causa de acción. La Auto Body Corporation no tuvo intervención alguna en el pago de la cantidad satisfecha bajo protesta. La demanda se limita a decir que la General Motors Export Co., después de haber

satisfecho el impuesto, requirió su devolución de la Auto Body Corporation. A mayor abundamiento, la alegación de que los *chassis* constituyen la materia prima que usa dicha corporación para la fabricación de los autobuses, y la afirmación de que la importación en Puerto Rico de los *chassis* es absolutamente indispensable para la manufactura de sus productos, resultan vagas e insuficientes, porque el hecho de que la referida corporación use *chassis* como materia prima y de que para usarlos sea indispensable la importación, no implica que esos *chassis* hayan sido dedicados al uso y empleo de la nueva industria, formando parte de su estructura. La exención sobre los bienes referidos, si es que existe, demandaría una alegación más específica. Es claro que los hechos alegados no bastan para sostener la reclamación establecida por las demandantes.

Sin embargo, como se atribuye a la corte inferior el error de haber desestimado la demanda por no considerarla susceptible de enmienda, *resolvemos dejar sin efecto la sentencia apelada, a fin de que se enmiende dicha demanda, si es que puede enmendarse, dentro de un plazo de diez días a contar de la fecha en que sea recibido el mandato en la corte inferior.*